UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KAREN D. CACCAMISE,

              Plaintiff,

   v.

HERITAGE CHRISTIAN SERVICES, INC.,

              Defendant.
_____

DECISION & ORDER

12-CV-6276CJS

      *Pro se* plaintiff Karen Caccamise has filed this lawsuit against defendant under the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117, alleging that defendant discriminated against her on the basis of her disability. (Docket # 1). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 9).

      It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

      1.    Whether the indigent's claims seem likely to be of substance;

      2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

   3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

   4.  Whether the legal issues involved are complex; and

   5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

  The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

  For the purposes of this motion, the Court will accept plaintiff's representation that she is unable to afford other private counsel. The Court is unable to ascertain, however, at this early stage of the litigation, whether plaintiff's claims likely have merit. In any event, plaintiff has failed to demonstrate that her case is complex or that she will be unable to litigate adequately his claims without assistance of counsel. In addition, the Court also notes that there is

a limited number of local attorneys available to handle cases on a *pro bono* basis. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 172 ("[e]very assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause"). Based on this review, plaintiff's motion for appointment of counsel **(Docket # 9)** is **DENIED** without prejudice at this time. It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

Further, to the extent that plaintiff has requested that the Court not dismiss her case (Docket # 9), the Court notes that there is no motion to dismiss pending; according that request is denied as moot. Finally, as for plaintiff's request that defendants not be awarded costs against her, that request is denied without prejudice to renewal before the district court at the appropriate time.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        October   2  , 2012